**CAMBRIDGE DAIRY, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 9904.

United States Court of Appeals
Tenth Circuit.

Dec. 31, 1968.

George L. Creamer, Denver, Colo. (Creamer & Creamer, Denver, Colo., on the brief), for petitioner.

Ronald R. Helveston, Atty., N. L. R. B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Elliott Moore, Atty., N. L. R. B., on the brief), for respondent.

Before MARVIN JONES *, Senior Judge, United States Court of Claims, and BREITENSTEIN and HICKEY, Circuit Judges.

* Sitting by designation.

PER CURIAM.

The petitioner, Cambridge Dairy, Inc., seeks a review of the order of the National Labor Relations Board entered in the above cause, February 1, 1968, and asks that the enforcement of the order be denied and the entire proceedings be dismissed.

Prior to September 1, 1966, the petitioner had been conducting a business of bottling dairy products in Denver, Colorado, and nearby area, and distributing such products in retail to homes, and also in bottling some of the products for bulk delivery to schools, institutions, and the Veterans' Hospital in Denver.

Some controversy arose in July, 1966. The Company had never had any relations with union labor, although the Company had usually paid union wages. About that time a group began an effort and conversations looking toward organizing a bargaining unit composed of the delivery employees.

On July 22, 1966, a petition was filed charging the Company with unfair labor practices. These charges were withdrawn August 16, 1966. Some hearings were held on the question of labor representations on August 26–29, simply as to employees in the delivery portion of the business. The hearing was continued or deferred for time to submit briefs.

During the latter part of August, 1966, the Company arranged with the City Park Dairy to completely take over the delivery system of Cambridge, and to accept all the delivery employees without any loss in wages. The City Park took over the delivery service of Cambridge. This agreement became effective September 1, 1966. All of the employees accepted the new employment except one who stayed with Cambridge. City Park had a union contract. As of August 31, 1966, Cambridge gave up its entire delivery service, which included all the employees involved in the issue of representation.

The entire business of Cambridge had been operating at a loss for some years.

The testimony showed that there was an overall loss in the business in 1965 and 1966, resulting in impairment of the capital of several thousand dollars which was made up by Mrs. Denton and Mrs. Harboard, the principal owners. Both the accountant and lawyers of Cambridge had been urging in 1965 that the business be closed immediately. Efforts were commenced in December, 1965, to sell Cambridge Dairy and were continued right along as losses continued, and in fact increased.

Cambridge continued a short time in limited wholesale business, and according to statements of the attorney made at the time of oral argument the entire business is now closed. The entire business has been dismantled. This was not disputed.

After the retail delivery system was taken over by City Park some hearings were held and the trial examiner issued an order July 27, 1967, and the Board issued its decision February 1, 1968, more than a year after the entire delivery system had closed completely.

This is not a case of a runaway shop, of a temporary closing, or of contracting work out. The delivery phase of the business was entirely closed. We find nothing in the record to establish that the partial closing was in any way intended to chill unionism. See Textile Workers Union of America v. Darlington Manufacturing Company, 380 U.S. 263, 274–275, 85 S.Ct. 994, 13 L.Ed.2d 827. It is not denied that the entire business is now closed.

All the employees but one were taken over and continued in the same positions by City Park, without loss of time or pay. No employee has complained. Even the one who did not transfer has not complained nor appeared as a witness. Nothing shows that the subsequent discharge of that employee was discriminatory or motivated by anti-union bias. The City Park is unionized. There seems to be no basis for continuing this proceeding.

The petition for review is granted. The order of the Board is vacated. The petition for enforcement is denied.